UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KYLE ALAN KITZMAN,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. EA-25-574 |
| **NETWORKS PRESENTATIONS,** | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

Plaintiff Kyle Alan Kitzman, who is self-represented, initiated the above-captioned action on February 19, 2025, against Defendant NETworks Presentations (NETworks), seeking damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for discrimination, wrongful termination, and retaliation.  ECF No. 1.  Pending before the Court is Mr. Kitzman's motion for leave to amend the complaint to add Pan Touring, LLC (Pan Touring) as a defendant (ECF No. 29), which is fully briefed (ECF No. 30).[1]  No hearing is necessary.  Local Rule 105.6 (D. Md. 2025).  For the reasons set forth below, the motion is granted.

**I.     BACKGROUND[2]**

Mr. Kitzman was employed by "Respondent" as a musician from November 27, 2023, through May 9, 2024.  ECF No. 1 at 5.[3]  In December 2023, Mr. Kitzman "formed a friendship

---

[1] Mr. Kitzman elected not to file a reply memorandum and the time for doing so has elapsed.  Local Rule 105.2(a) (D. Md. 2025).

[2] The factual summary contained in this section is drawn from the allegations in the Complaint (ECF No. 1), which are accepted as true for the purposes of deciding this motion, as well as documents from the United States Equal Employment Opportunity Commission, which are integral to the Complaint (ECF Nos. 1-3, 1-4).  *White* v. *American Fed'n of State Cnty. & Gov't Emps. Union Loc. 2250*, Civil Action No. DKC 23-3161, 2024 WL 3161589, at *2 (D. Md. June 25, 2024).

[3] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

with a female co-worker," who subsequently "made an unfounded complaint of harassment against" Mr. Kitzman. *Id.* "During the resulting investigation, [Mr. Kitzman] was subjected to disparate treatment based on [his] sex (male)." *Id.* For example, he "was instructed not to speak with any . . . co-workers about the complaint." *Id.* Mr. Kitzman does not believe that the complainant co-worker was given a similar instruction. *Id.* Mr. Kitzman was also "prohibited from living with a group of co-workers" and "from attending group social events with co-workers." *Id.* Mr. Kitzman complained of this "disparate treatment" to his supervisor and human resources personnel, but no action or investigation was undertaken. *Id.* Thereafter, Mr. Kitzman's employment was terminated "for pretextual reasons." *Id.*

On October 30, 2024, Mr. Kitzman filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC) (EEOC charge) against Pan Touring in which he alleged discrimination and retaliation based on the allegations summarized above. ECF No. 1-3. The address listed for Pan Touring on Mr. Kitzman's EEOC charge was 7135 Minstrel Way, Suite 105, Columbia, MD, 21045. *Id.* at 1. On November 21, 2024, the EEOC issued a Determination and Notice of Rights letter (right-to-sue letter) to Mr. Kitzman stating that the EEOC would not proceed further with its investigation and that it had made no finding as to the merits of his claims. ECF No. 1-4. In this letter, the EEOC provided Mr. Kitzman notice of his right to sue within 90 days of receipt of the letter. *Id.* The EEOC copied NETworks on this correspondence, with a listed address of 7135 Minstrel Way, Suite 105, Columbia, MD, 21045. *Id.* at 2.

Mr. Kitzman filed this action on February 19, 2025, which was within 90 days of the EEOC's issuance of the right-to-sue letter. ECF No. 1. In the Complaint, Mr. Kitzman identified NETworks as the Defendant, with an address of 7135 Minstrel Way, Suite 105, Columbia, MD, 21045. *Id.* at 2. The Court issued a summons on March 5, 2025, and NETworks

2

was served at the address identified in the Complaint on March 14, 2025. ECF Nos. 5, 11. On April 4, 2025, NETworks filed an Answer in which it admitted that its principal address was as stated but denied that it was Mr. Kitzman's employer. ECF No. 12 at 1. On July 24, 2025, the Court approved the parties' joint proposed case deadlines, which allowed the parties to move for amendment of pleadings until August 29, 2025. ECF No. 27. On August 29, 2025, Mr. Kitzman filed the instant motion, seeking to add Pan Touring as an additional defendant. ECF No. 29. The allegations in the proposed amended complaint are similar to those asserted in the initial complaint. *Compare* ECF No. 1 at 5–8 *with* ECF No. 29-1 at 9-10.

According to the information available through Maryland's State Department of Assessments and Taxation (SDAT), the resident agent for Pan Touring is Network Presentations, Inc., located at 7135 Minstrel Way, Suite 105, Columbia, MD, 21045. *See White* v. *Lexington Ct. Apartments, LLC*, Civil Action No. DKC 16-0427, 2016 WL 1558340, at *3 n.4 (D. Md. Apr. 18, 2016) ("The court may take judicial notice of information found on SDAT's website.").

**II.    DISCUSSION**

Title VII, like other civil rights statutes, has certain procedural and timeliness prerequisites. Before filing suit in federal court, a plaintiff asserting a violation of Title VII must exhaust administrative remedies by filing a Charge of Discrimination with the EEOC or appropriate state or local agency. *Fort Bend Cnty., Tex.* v. *Davis*, 587 U.S. 541, 543-544 (2019). A complainant is entitled to a right-to-sue letter from the EEOC no later than 180 days after a charge is filed, and suit must be filed within 90 days of receipt of the letter. *Id.* at 545 (citing 42 U.S.C. § 2000e–5(f)(1)); *Little* v. *North Carolina Dep't of Just.*, No. 23-1338, 2024 WL 701796, at *1 (4th Cir. Feb. 21, 2024). This 90-day period begins to run on the date the complainant receives the requisite notice. *Davis* v. *Virginia Commonwealth Univ.*, 180 F.3d 626, 628 (4th Cir. 1999); *Harvey* v. *City of New Police Dep't*, 813 F.2d 652, 653 (4th Cir. 1987). "The 90-day

3

filing requirement is 'not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" *Laber* v. *Harvey*, 438 F.3d 404, 429 n.25 (4th Cir. 2006) (quoting *Zipes* v. *Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

Mr. Kitzman initiated this action on February 19, 2025, which was within 90 days of the EEOC's issuance of a right-to-sue letter on November 21, 2024. ECF Nos. 1, 1-4. NETworks argues that Mr. Kitzman's addition of Pan Touring is untimely because it was not done within the 90-day period and does not relate back to the original pleading pursuant to Federal Rule of Civil Procedure 15(c). ECF No. 30 at 5–7.

"Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski* v. *Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). Rule 15(c) outlines three elements that must be satisfied when a plaintiff seeks to add a new party or change a party's name through an amended pleading:

> First, the claim must involve the same transaction or occurrence. Second, the new party must have notice of the action within the period provided by Rule 4(m) for service of the summons and complaint such that the party will not be prejudiced in maintaining a defense on the merits. Third, the new party must have known or should have known that, but for a mistake in identity, the action would have been brought against [it].

*Dunbar* v. *Montgomery Cnty., Maryland*, Civil Action No. DKC 20-0738, 2020 WL 7319276, at *2 (D. Md. Dec. 11, 2020) (quoting *Benn* v. *Seventh-Day Adventist Church*, 304 F. Supp. 2d 716, 724 (D. Md 2004)); *see also* Fed. R. Civ. P. 15(c)(1)(B)-(C); *Robinson* v. *Clipse*, 602 F.3d 605, 608 (4th Cir. 2010).

The purpose of the relation-back doctrine is to "balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil

4

Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski*, 560 U.S. at 550 (citing Advisory Committee's 1966 Notes 122; 3 Moore's Federal Practice §§ 15.02[1], 15.19[3][a] (3d ed. 2009)); *see also* 6 Charles Alan Wright, *et al.*, Federal Practice and Procedure § 1471 (3d ed. 2010) (The purpose of Rule 15(c) "is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities"). Thus, when a "party has been given fair notice of a claim within the limitations period and will suffer no improper prejudice in defending it, the liberal amendment policies of the Federal Rules favor relation-back." *Goodman* v. *Praxair, Inc.*, 494 F.3d 458, 471 (4th Cir. 2007).

When the Court analyzes the relation-back doctrine on a motion to dismiss, it "must accept the truth of [a plaintiff's] plausible allegations and draw all reasonable inferences in [their] favor." *Dreher* v. *Maryland*, Civil Action No. GLR-17-3832, 2019 WL 528192, at *7 (D. Md. Feb. 11, 2019), *on reconsideration in part sub nom.*, 2019 WL 13255743 (D. Md. Sept. 23, 2019). In this posture, dismissal is appropriate only if "there is no possibility of relation-back." *Bruno* v. *Paulison*, Civil Action No. RDB 08-0494, 2009 WL 377300, at *5 (D. Md. Feb. 12, 2009).

Here, the first element is satisfied given that the allegations in the proposed amended complaint are similar (if not identical) to those in the initial complaint. *Compare* ECF No. 1 at 5–8 *with* ECF No. 29-1 at 9-10; *see also McGraw* v. *Gore*, 31 F.4th 844, 849 (4th Cir. 2022) (ruling that this requirement was plainly satisfied because the amended complaint asserted the same claims as the original); *Alloways* v. *Multiserv N. Am.*, Civil Action No. RDB-10-03372, 2012 WL 346468, at *3 (D. Md. Feb. 1, 2012) ("[B]ecause the amended complaint arises out of the same incident which gave rise to the original complaint, the question to be resolved is whether Harsco Corporation received appropriate notice of this suit and whether it would be unfairly prejudiced by being substituted as the Defendant.").

5

The second element examines notice to the prospective new party. This inquiry is grounded in the balance of equities inherent in the Rule 15(c) analysis. "Thus, when a person would reasonably believe that the time for filing suit had expired, without having been given notice that it should have been named in an existing action, that person is entitled to repose." *Goodman*, 494 F.3d at 472. "On the other hand, when a person is provided notice within the applicable limitations period that he would have been named in the timely filed action but for a mistake, the good fortune of a mistake should not save [them]." *Id.*

Notice to a prospective defendant may be actual or constructive, formal or informal. *Williams* v. *Kincaid*, 45 F.4th 759, 775 (4th Cir. 2022); *Mui* v. *Weaser*, Civil Action No. AAQ-22-2984, 2023 WL 4236196, at *5 (D. Md. June 27, 2023); *Dunbar*, 2020 WL 7319276, at *3; *McDaniel* v. *Maryland*, Civil Action No. RDB-10-00189, 2010 WL 3260007, at *5 (D. Md. Aug. 18, 2010). As relevant here, constructive notice may be established through the "identity of interest principle," which "provides that added parties are deemed to have received constructive notice where the original and added parties are 'so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced.'" *Benn*, 304 F. Supp. 2d at 725 (quoting *Hernandez Jimenez* v. *Calero Toledo,* 604 F.2d 99, 102-103 (1st Cir. 1979)). Thus, "[n]otice may be presumed when the nature of the claim is apparent in the initial pleading and the added defendant has either a sufficient identity of interest with the original defendant or received formal or informal notice of the claim." *W. Contracting Corp.* v. *Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989).

Here, the pleadings and integral documents plausibly establish that Pan Touring had notice of this action within the relevant timeframe. The limitations period for analyzing the required notice is the Federal Rule of Civil Procedure 4(m) notice period. *McGraw*, 31 F. 4th at 849; *Robinson*, 602 F.3d at 608. Because the Court authorized service on March 5, 2025, and

service was effectuated on March 14, 2025, NETworks was timely served. ECF Nos. 5, 11. As set forth previously, *see* I. *supra*, court records reveal that NETworks was served at the same address of record as Pan Touring. This, coupled with NETworks's role as the resident agent for Pan Touring plausibly establishes that there is an identity of interest between the entities and, consequently, that Pan Touring had notice of this action within the Rule 4(m) timeframe. For the same reasons, it is also plausible that Pan Touring "knew or should have known that the action would have been brought against it" within the Rule 4(m) period "but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C) & (C)(ii). In addition to the service of process forms, the EEOC sent a copy of Mr. Kitzman's right-to-sue letter to NETworks, even though Mr. Kitzman had identified the EEOC respondent as Pan Touring. ECF No. 1-3. This also supplies the requisite knowledge to support relation back. *E.g.*, *Dreher*, 2019 WL 13255743, at *4 (finding that because the prospective defendant had participated in the EEOC proceedings, it "knew or should have known that, but for [the plaintiff's] mistake in naming the correct parties, [it] would have been a Defendant in the Complaint"). In sum, the undersigned simply cannot conclude that "there is no possibility of relation-back." *Bruno*, 2009 WL 377300, at *5. Mr. Kitzman is therefore granted leave to file the proposed amended complaint.

### III.    CONCLUSION

For the foregoing reasons, Mr. Kitzman's motion for leave to amend the complaint (ECF No. 29) is granted. A separate Order follows.

Date: November 25, 2025                              /s/
                                                     Erin Aslan
                                                     United States Magistrate Judge